IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, as subrogee of WILLIAM and JOSEPHINE LEON, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION FILE |
| v. | ) NO. 1:13-cv-00879-JEC |
| OMEGA FLEX, INC., | ) |
| Defendant and Third-Party Plaintiff, | ) |
| v. | ) |
| THE KNIGHT GROUP, INC., BECKOM ELECTRIC, INC. and CHARLES A. THORNTON d/b/a LANDMARK PLUMBING, | ) |
| Third-Party Defendants. | ) |

**OMEGA FLEX, INC.'S BRIEF IN OPPOSITION TO THE KNIGHT GROUP, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING OMEGA FLEX, INC.'S THIRD PARTY COMPLAINT**

COMES NOW Third-Party Plaintiff, Omega Flex, Inc. ("Omega Flex") and files this its Brief in Opposition to The Knight Group, Inc.'s ("Knight") Motion for Judgment on the Pleadings Regarding the Third-Party Complaint filed by Omega Flex, Inc., and shows the Court the following:

# I. INTRODUCTION

Plaintiff Allstate Property & Casualty Insurance Co., ("Allstate") initially filed a Complaint against Omega Flex on April 4, 2012 in the United States District Court for the Southern District of Indiana ("the Indiana action"). Omega Flex answered the Complaint in the Indiana action and subsequently filed a Third-Party Complaint against Knight and other parties.

Allstate initially sought to recover from Omega Flex for separate fires in separate homes insured by Allstate. On March 1, 2013, the Honorable Mark J. Dinsmore, United States Magistrate Judge for the Southern District of Indiana, entered an Order severing Allstate's claims and ordering that each fire be addressed in a separate civil action. Accordingly, on March 20, 2013, Judge Dinsmore entered an Order transferring Allstate's claims pertaining to the fire in the home of William and Josephine Leon ("the Leons"), located at 228 Rustico Court, McDonough, Georgia ("the Leon home") to this Court. After the case was transferred to this Court, Omega Flex re-filed its Third-Party Complaint against Knight on May 17, 2013 [Third-Party Complaint (Document 80)].

In its Third-Party Complaint, Omega Flex alleges that Knight was the general contractor for the Leon home, and, as such, was responsible for the supervision of the installation of stainless steel tubing manufactured by Omega Flex in the home. (*Id.* at ¶ 13). Omega Flex further alleges that Knight failed to

exercise a reasonable degree of skill and care when it supervised the installation of the Omega Flex product by its subcontractors and as a result of Knight's breach of this duty, the Leon home suffered the damages claimed by Allstate in the Complaint. (*Id.* at ¶¶ 14 & 15). Omega Flex alleges that the negligence of Knight in failing to supervise the installation of Omega Flex pipe was active negligence and that the negligence of Omega Flex, if any, was merely passive negligence. (*Id.* at ¶¶ 17 & 18). Omega Flex further alleges that under Georgia's common law rule of active/passive negligence it is entitled to be indemnified by Knight of any and all claims arising out of the Complaint. (*Id.* at ¶ 19). Alternatively, Omega Flex alleges that to the extent that the damage to the Leon home was found to have been caused by the joint negligence of Omega Flex and Knight, with no legally significant difference in the nature or quality of that negligence, Omega Flex is entitled to contribution from Knight for its pro-rata share of damages pursuant to O.C.G.A. § 51-12-32. On July 10, 2013, Knight filed its Motion for Judgment on the Pleadings regarding Omega Flex's Third-Party Complaint.

Because a claim for contribution pursuant to O.C.G.A. § 51-12-32 is appropriate until such time as the trier of fact of apportions damages Knight's Motion should be denied. *Zurich American Ins. Co. v. Heard*, 740 S.E.2d 429, 213 Ga. App. LEXIS 348 (2013); *Murray v. Patel*, 696 S.E. 2d 97, 304 Ga. App. 253 (2010); O.C.G.A. §§ 51-12-32(a), 51-12-33(b). Likewise, as no court in Georgia

has held that the active/passive negligence doctrine has been abrogated by O.C.G.A. § 51-12-33, such claims continue to be valid under Georgia law and, therefore, Knight's Motion should be denied.

## II.  STATEMENT OF FACTS

For the purposes of Omega Flex's response to Knight's Motion for Judgment on the Pleadings, Omega Flex accepts Knight's recitation of facts as set forth on pgs. 2-3 of their Brief.

## III.  ARGUMENT AND CITATION TO AUTHORITY

**1.  Contribution has not been abolished under Georgia law and, therefore, Knight's Motion should be denied.**

O.C.G.A. § 51-12-32 specifically states that the right of a joint trespasser to contribution shall continue unabated and shall not be lost or prejudiced by comprise and settlement.  O.C.G.A. § 51-12-32(a).  While it is true that where there is no joint and several liability, there can be no contribution, contribution is still a valid claim under Georgia law pursuant to O.C.G.A. § 51-12-32 *until* the trier of fact apportions damages.  *Zurich American Ins. Co. v. Heard*, 740 S.E. 2d 429, 432, 213 Ga. App. LEXIS 348 (2013).

In *Zurich*, the Georgia Court of Appeals held that the Georgia apportionment statute, O.C.G.A. § 51-12-33, cannot be interpreted to abolish the right of contribution when there has been no apportionment of damages by a trier of fact.  *Id.*  In *Zurich*, the cause of action revolved around the presence of mildew and

signs of moisture trapped in a hotel during and following construction. *Id.* at 430-431. Following the discovery of mildew and signs of moisture in the subject hotel, the owners of the hotel filed a demand for arbitration against the general contractor. *Id.* at 431. Simultaneously, the owners filed a suit against the company responsible for the architectural, structural, mechanical, electrical and plumbing engineering design services for the hotel. *Id.* The general contractor eventually settled the arbitration claim with the owners. *Id.* Following the settlement, the general contractors' insurers filed suit against the architectural company and a number of other entities who participated in the design of the HVAC system for the building. *Id.* at 431-432. The insurers' claims were based on contribution and indemnity based upon the defendants' joint tortfeasors status with the general contractor. *Id.* at 432.

All of the defendants moved for summary judgment, asserting that the insurers' claim for contribution and indemnity failed because joint tortfeasors can no longer assert these claims following the enactment of the apportionment statute, O.C.G.A. § 51-12-33. *Id.* The trial court granted summary judgment. The trial court based its decision to grant summary judgment on a number of factors including that, "after the Legislature's enactment of O.C.G.A. § 51-12-33, 'there is no longer a right of a joint trespasser to contribution from another or others' that

can continue regardless of whether liability is imposed by virtue of settlement or a verdict." *Id.*

In reversing the trial court's grant of summary judgment in favor of the defendants, the Court of Appeals first analyzed the language of O.C.G.A. § 51-12-33(b) which provides:

> Where an action is brought against more than one person for injury to person or property, *the trier of fact*, in its determination of the total amount of damages to be awarded, if any, *shall* after reduction of damages pursuant to subsection (a) of this Code section, if any, *apportion its award of damages* among the persons who are liable according to the percentage of fault of each person. *Damages apportioned by the trier of fact* as provided in this Code section *shall be the liability of each person* against whom they are awarded, *shall not be a joint liability* among the persons liable, *and shall not be subject to any right of contribution*.

*Id. quoting* O.C.G.A. § 51-12-33(b)(emphasis supplied by court.) The court then held:

> Based upon the plain language of subsection (b), joint liability and the right of contribution no longer exists when damages have been apportioned by the *trier of fact* under this subsection. Based upon this plain language, it cannot be interpreted to abolish the right of contribution between settling joint tortfeasors when there has been no apportionment of damages by a trier of fact.

*Id.* (emphasis in original.) The Court went on to analyze O.C.G.A. § 51-12-32 and held that "based upon the plain language of this statute, the right of contribution between joint tortfeasors has not been completely abolished by the Legislature's

enactment of O.C.G.A. § 51-12-33(b), and the trial court erred by holding otherwise. *Id.* at 433.

As is evident from the plain language of O.C.G.A. § 51-12-33 and the Court of Appeals' holding in *Zurich,* the right of contribution of joint tortfeasors has not been abolished in Georgia. *Zurich* makes it clear that granting Knight's Motion for Judgment on the Pleadings as to Omega Flex's claim for contribution at this stage of the litigation is premature and would be reversible error. *Only after* the trier of fact apportions damages does the right of a joint tortfeasor to seek contribution cease to exist.

This holding makes sense in light of the Legislature's intent in amending O.C.G.A. § 51-12-33 to make sure that any defendants who may be potentially liable to a plaintiff only pay their "fair share" and no more. This litigation is in the early stages of discovery and there are many roads it could follow. It is certainly conceivable that during or following discovery Omega Flex and Allstate could reach a settlement. If so, Omega Flex's claim for contribution against Knight would need to proceed to trial. Of course, as Knight is part of this litigation under third-party practice, full discovery could be had in an efficient manner and the case would be ready for trial in a reasonable time frame. However, under Knight's theory that they should be dismissed from this case, Allstate and Omega Flex should continue the litigation and should Omega Flex and Allstate reach a

settlement, litigation would have to begin anew for Omega Flex to prosecute its claim of contribution against Knight.

The Court of Appeals ruling in *Zurich* is consistent with its prior ruling in the case of *Murray v. Patel*, 696 S.E.2d 97, 304 Ga. App. 253 (2010). In *Murray*, Ratilal and Gauriben Patel were passengers in a car driven by their son when he collided with a disabled car on the roadway. *Id.* at 253. The Patels sued Murray and Hill, the operator and owner of the car, respectively, for the injuries they sustained in the accident. *Id*. Murray and Hill then filed a third-party complaint against the Patel's son, Hiren Patel. *Id*. Hiren Patel sought to have the third-party complaint dismissed on the grounds that contribution had been abolished along with joint and several liability. *Id*.

In reversing the trial court's grant of Patel's Motion to Dismiss, the Court of Appeals found no support for the argument that contribution no longer existed. The Court of Appeals also held that it was reversible error to dismiss a third-party defendant who could be liable for his share of an apportionment of damages under O.C.G.A. § 51-12-33, even where the defendant denies liability. *Id.* at 254-255. The Court of Appeals in *Murray* was quite clear. Even in tort actions, third-party claims for indemnity and/or contribution should not be dismissed.

Knight's reliance on *McReynolds v. Krebbs*, 725 S.E.2d 584, 290 Ga. 850 (2012) is misplaced. As noted by the Court of Appeals in *Zurich*, "the Supreme

Court's opinion in *McReynolds* [citation omitted], does not require a different result. In that case, the trier of fact determined the amount of damages owed by one defendant, and the appellant conceded that she had no evidence of liability which would support apportionment against another defendant that settled before trial." *Zurich*, 740 S.E.2d at 433 n.6.

Given that O.C.G.A. § 51-12-33 does not abolish the right of contribution between joint tortfeasors until a trier of fact apportions damages, Plaintiff's Motion for Judgment on the Pleadings as to Omega Flex's claim for contribution should be denied.

**2. No Georgia Court that has interpreted O.C.G.A. § 51-12-33 has held that the common law doctrine of active/passive negligence has been abrogated by the apportionment statute.**

In the instant case, Omega Flex's claim for indemnity against Knight is for full indemnity based on the theory of active v. passive negligence. This principle has been a staple of Georgia common law for over a century. See, e.g. *Colt Industries Operating Corp v. Coleman*, 272 S.E.2d 251, 246 Ga. 556 (1980); *Central of Georgia Ry. v. Macon Ry. & Light Co.,* 780 S.E. 931 (Ga.1913); *Coleman v. Clark*, 267 S.E.2d 824, 154 Ga. App. 188 (1980); *Jova/Danels/Pusby, Inc., v. B & W Mechanical Contractors, Inc.*, 307 S.E.2d 97, 167 Ga. App. 551 (1983).

Under Georgia law, if the negligence of a tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity against the party whose conduct is alleged to be the proximate cause of the injury. *Colt Industries Operating Corp., v. Coleman*, 272 S.E.2d 251, 253, 246 Ga. 559, 560 (1980). See also *Gilbert v. CSX Transportation, Inc.,* 397 S.E.2d 447, 450, 197 Ga. App. 29, 32 (1990); *Peacock Construction Co., v. Montgomery Elevator Co.,* 175 S.E.2d 116, 118, 120 Ga. App. 711, 713 (1970); *Central of Georgia Ry. v. Macon Ry. & Light Co.,* 780 S.E. 931 (Ga. 1913). Nothing in the language of O.C.G.A. § 51-12-33(b) nor cases interpreting this statute have abolished this principle.

Relying exclusively on *District Owners Assn., Inc., v. AMEC Environmental & Infrastructure, Inc.,* 2013 Ga. App. LEXIS 595 (July 8, 2013), Knight argues that Omega Flex's claim for indemnity based on active/passive negligence should be dismissed. Knight cites *District Owners* for the proposition that Georgia law only recognizes two broad categories of indemnity: 1) indemnity created by contract and 2) under the common law of vicarious liability, as between principles and agents. *Id*. at 6. Based on this premise the Court of Appeals upheld the grant of summary judgment for the defendants who had been sued by the plaintiff under a theory of "common law" indemnity.[1] Now, Knight latches on to this opinion to

---

[1] Interestingly, there is no mention at all in the *District Owners* opinion about the concept of active/passive negligence.

support their current Motion to Dismiss Omega Flex's claim for full indemnity based on active/passive negligence in the instant case.

In reaching its conclusion that Georgia law now only recognizes two types of categories of indemnity, the *District Owners* court relies on the Georgia Court of Appeals decision in the case of *City of College Park v. Fortenberry*, 609 S.E.2d 763, 271 Ga. App. 446 (2005). In reaching its conclusion that Georgia only recognizes two categories of indemnity, the *Fortenberry* court relied on the Georgia Supreme Court's decision in *Marchman & Sons, Inc., v. Nelson*, 306 S.E.2d 290, 251 Ga. 475 (1983). The *Fortenberry* court concluded, incorrectly, that the *Marchman* decision stood for the proposition that the Georgia Supreme Court had done away with the common law theory of full indemnity between actively and passively negligently parties. However, a close reading of the *Marchman* decision shows that Georgia Supreme Court in *Marchman* was addressing the issue of active/passive negligence in terms of claims of contribution not indemnity. *Marchman*, 306 S.E.2d at 292.

As explained in the case of *Greyhound Lines, Inc., v. Cobb County, Georgia*, 681 F.2d 1327 11th Cir. (1982), there is a distinction between claims for contribution and claims for indemnity in Georgia. As the Eleventh Circuit Court of Appeals correctly noted:

> The Georgia courts, in adopting and applying the English rule did not follow those restrictions. Instead, Georgia attempted to do justice

> between the tortfeasors by allowing a party whose negligence was passive to seek indemnification from the party whose active negligence caused them harm. *Central of Georgia Railway v. Macon Railway & Light Co.*, 78 S.E. 931, 140 Ga. 309 (1913). Contribution, on the other hand, was provided for by the Georgia Legislature in 1863. Ga. Code § 3008 (1863). In short, Georgia law at the turn of the century allowed indemnification based on the active/passive negligence dichotomy and contribution based upon the code provisions."

*Id.* at 1332. The Court further noted, "unfortunately, the Georgia courts occasionally merged the active/passive negligence rule into one which seemed to cover both indemnification and contribution." *Id.* Accord, *Jones v. Otis Elevator Co.*, 861 F.2d 655, 664 n.15 (11th Cir. 1988). Thus, the Court ruled that "Greyhound's claim here is for contribution. The active/passive negligence doctrine, therefore, does not apply." *Id.* at 1333.

To the extent the *Marchman* court inferred that the doctrine of active/passive negligence was not applicable, it made that inference based on a claim of contribution, not indemnity. *Marchman*, 309 S.E.2d at 291. As the Eleventh Circuit correctly pointed out in *Greyhound*, Georgia courts have merged the active/passive negligence rule, incorrectly, into one that covers both indemnification and contribution. This appears to be what the *Fortenberry* court did.

On the other hand, the Georgia Supreme Court in the context of an *indemnity* claim unequivocally held that "under Georgia law, if the negligence of the tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity

against the party whose conduct is alleged to be the proximate cause of the injury." *Colt Industries, supra*. Of great significance is the fact that the *Marchman* court never explicitly overruled its decision in *Colt Industries* or, in fact, even cited to *Colt Industries*, in its decision.

The Georgia Court of Appeals decision in *District Owners* is not dispositive.[2] *District Owners* does not address the concept of active/passive negligence. In addition, the foundation for its holding that there are only two categories of indemnification still viable in Georgia is unsound. The Georgia Supreme Court in *Marchman* never made such a holding. In fact, the last word by the Georgia Supreme Court on the issue of active/passive negligence can be found in its holding in *Colt Industries* where it unequivocally stated that the doctrine of active/passive negligence was the law of Georgia. There is nothing in the language of O.C.G.A. § 51-12-33 that abrogated the doctrine of active/passive negligence in Georgia nor has any Georgia court specifically ruled on whether or not O.C.G.A. § 51-12-33 has by implication done away with the claim of active/passive negligence.[3] Accordingly, Knight's Motion for Judgment on the Pleadings as to

---

[2] *District Owners* has filed a Petition for Writ of Certiorari with the Georgia Supreme Court. This Petition is currently pending.

[3] Given the lack of any ruling by the Georgia Supreme Court on whether or not O.C.G.A. § 51-12-33 has abrogated the doctrine of indemnity based on active/passive negligence as set forth in *Colt Industries, supra* and the fact that the Georgia Court of Appeals in *District Owners*, relying upon its previous ruling in *Fortenberry*, seems to have continued its legacy of merging the active/passive negligence rule into one covering both indemnification and contribution, this Court may want to consider certifying a question to the Georgia Supreme Court on this issue.

Omega Flex's claim for indemnity based on the doctrine of active/passive negligence should be denied.

## IV. CONCLUSION

For the reasons set forth above, Knight's Motion for Judgment on the Pleadings should be denied.

Respectfully submitted, this 29th day of July, 2013.

**CASEY GILSON P.C.**

*/s/ Glenn C. Tornillo*
R. PATRICK WHITE
Georgia Bar No. 754806
GLENN C. TORNILLO
Georgia Bar No. 714754
*Counsel for Defendant/Third Party Plaintiff Omega Flex, Inc.*

# COMPLIANCE WITH LOCAL RULE 7.1(D) AND CERTIFICATE OF SERVICE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing ***OMEGA FLEX, INC.'S BRIEF IN OPPOSITION TO THE KNIGHT GROUP, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING OMEGA FLEX, INC.'S THIRD PARTY COMPLAINT*** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

I hereby certify that on July 29, 2013, I electronically filed ***OMEGA FLEX, INC.'S BRIEF IN OPPOSITION TO THE KNIGHT GROUP, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING OMEGA FLEX, INC.'S THIRD PARTY COMPLAINT*** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Brand M. Gordon, Esq. | Alexander T. Galloway, III, Esq. |
| Emma L. Gaddipati, Esq. | Angela H. Smith, Esq. |
| Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP – IL | William R. Johnson, Esq. |
| | D. Austin Gillis, Esq. |
| 311 South Wacker Drive, Suite 4500 | Moore Ingram Johnson & Steele, LLP |
| Chicago, IL 60606 | Emerson Overlook |
| bmg@ghlaw-llp.com | 326 Roswell Street |
| | Marietta, GA 30061-3305 |
| Brian T. Moore, Esq. | atg@mijs.com |
| Drew, Eckl & Farnham, LLP | ahsmith@mijs.com |
| 880 W. Peachtree St. | wrj@mijs.com |
| Atlanta, GA 30309 | dagillis@mijs.com |
| bmoore@deflaw.com | |
| | *Counsel for Third-Party Defendant The Knight Group, Inc.* |
| *Counsel for Plaintiff* | |

Adam L. Appel, Esq.
William K. Owens, Jr., Esq.
Carlock, Copeland & Stair, LLP
One Ninety One Peachtree Tower
191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
aappel@carlockcopeland.com

*Counsel for Third-Party Defendant
Beckom Electric, Inc.*

And a copy of same was deposited in the U.S. Mail, proper postage prepaid, addressed to:

Charles Thornton d/b/a Landmark Plumbing
9434 Main St., Ste. 1100
Jonesboro, Georgia 30236

This 29th day of July, 2013.

|  |  |
|---|---|
| | **CASEY GILSON P.C.** |
| Six Concourse Parkway | |
| Suite 2200 | */s/ Glenn C. Tornillo* |
| Atlanta, GA  30328 | GLENN C. TORNILLO |
| (770) 512-0300 phone | Georgia Bar No. 714754 |
| (770) 512-0070 fax | *Counsel for Defendant/Third Party* |
| gtornillo@caseygilson.com | *Plaintiff Omega Flex, Inc.* |

740044