IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, as subrogee of William and Josephine Leon, <br><br>    Plaintiff, <br><br> v. <br><br> OMEGA FLEX, INC., <br><br>    Defendant and <br>    Third-Party Plaintiff <br><br> v. <br><br> THE KNIGHT GROUP, INC., BECKOM ELECTRIC, INC., and CHARLES A. THORNTON d/b/a LANDMARK PLUMBING, <br><br>    Third-Party Defendants. | CIVIL ACTION NO. <br><br> 1:13-cv-879-JEC |

**ORDER & OPINION**

This matter is before the Court on third-party defendant The Knight Group, Inc.'s Motion for Judgment on the Pleadings [88] and third-party defendant Beckom Electric, Inc.'s Motion for Judgment on the Pleadings [95]. The Court has reviewed the parties' pleadings and briefs, and for the reasons explained herein, **GRANTS** The Knight Group, Inc.'s Motion for Judgment on the Pleadings [88] and **GRANTS** Beckom Electric, Inc.'s Motion for Judgment on the Pleadings [95].

**BACKGROUND**

On September 26, 2010, a fire broke out at the home of William and Josephine Leon (the "Leons"), located at 228 Rustico Court in

McDonough, Georgia (the "Leon Home"). (Third-Party Compl. [80] at ¶¶ 5-9.) The Leons' home insurer, Allstate Property & Casualty Insurance Company ("Allstate"), claims to have paid the Leons $440,000 on their subsequent insurance policy claim. (First Am. Compl. [80-1] at ¶ 14.)

From the ashes emerged a lawsuit. On April 4, 2012, Allstate filed suit in the United States District Court for the Southern District of Indiana against Omega Flex, Inc. ("Omega Flex"), alleging that the corrugated stainless steel tubing ("CSST") manufactured by Omega Flex and used in constructing the Leon Home, failed when it was struck by lightning, which then caused the fire. (Third-Party Compl. [80] at ¶ 10.) The suit initially included several other claims against Omega Flex for fires at other houses insured by Allstate. On March 20, 2013, the Magistrate hearing the case ordered the claims severed, and the suit involving the fire at the Leon Home was transferred to this Court.

On July 16, 2012, Omega Flex filed a third-party complaint against other parties, including The Knight Group, Inc. ("Knight") and Beckom Electric, Inc. ("Beckom"), who installed the CSST in the Leon Home. Omega Flex there alleged that any damage to the Leon Home was caused by faulty installation, rather than any design or manufacturing defect. After Allstate's suit against Omega Flex was transferred to this Court, Omega Flex re-filed its third-party

2

complaint, seeking to recover on theories of indemnity (Counts One and Three) and contribution (Counts Two and Four).  (*See* Third-Party Compl. [80].)  Beckom and Knight each answered the third-party complaint and subsequently filed motions for judgment on the pleadings.  Based on the same argument, Beckom and Knight contend that Omega Flex has failed to state a claim under Georgia law, because Omega Flex's claims have been abrogated by statute in Georgia.  (*See* Knight's Mot. [88] and Beckom's Mot. [95].)  Omega Flex filed responses.  (*See* Omega Flex's Br. in Opp'n [90] and Omega Flex's Br. in Opp'n [103].)  Beckom and Knight replied.  (*See* Knight's Reply [93] and Beckom's Reply [105].)

## **DISCUSSION**

### I.  **MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD**

Under the Federal Rules of Civil Procedure, a defense for failure to state a claim upon which relief can be granted may be raised by a motion for judgment on the pleadings.  FED. R. CIV. P. 12(c) and (h)(2).  A court considering a motion for judgment on the pleadings must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.  *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).  A court must grant judgment on the pleadings when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  *Id.*

3

## II.  OMEGA FLEX'S THEORIES OF RECOVERY

Omega Flex seeks to recover from Beckom and Knight on theories of indemnity and contribution. (Third-Party Compl. [80] at ¶¶ 12-29.) Beckom and Knight both contend that Georgia law no longer recognizes joint and several liability, and thus contribution, and that indemnification premised on the active/passive negligence theory is likewise barred.

### A.  Omega Flex's Contribution Claims

Contribution is derivative of the principle of joint and several liability. *McReynolds v. Krebs*, 290 Ga. 850, 852 (2012)(citing *Weller v. Brown*, 266 Ga. 130 (1996)("[C]ontribution will not lie in the absence of joint or joint and several liability.")) "Independent wrongdoers are joint tortfeasors if their actions produce a single indivisible result and a rational apportionment of damages cannot be made." *Kroger Co. v. Mays*, 292 Ga. App. 399, 401 (2008)(quoting *Gay v. Piggly Wiggly S., Inc.*, 183 Ga. App. 175, 177-78 (1987)). Joint and several liability permits a plaintiff to recover the full amount of a judgment against joint tortfeasors from any of them. *See, e.g., Mitchell v. Gilson*, 233 Ga. 453 (1975). Contribution then permits the tortfeasor who paid the judgment to seek a pro rata share based on the percentages of fault from the other joint tortfeasors. *See, e.g., City of Albany v. Pippin*, 269 Ga. App. 22, 24-25 (2004).

The right of contribution has been limited in various ways. At

4

common law, contribution was barred where the tortfeasors had committed an intentional tort, but did not apply to unintentional torts. *Greyhound Lines, Inc. v. Cobb Cnty., Ga.*, 681 F.2d 1327, 1332 (11th Cir. 1982). When contribution was first recognized in Georgia law by statute in 1863, it applied only where there was a joint judgment against co-tortfeasors. *Id.* at 1333 n.10.[1] However, revisions in 1966 eliminated the joint judgment requirement, extending contribution to more cases. *Id.*

In 2005, Georgia enacted the Tort Reform Act, which, among other reforms, amended Georgia's joint liability and apportionment of damages statutory provisions. *See* O.C.G.A. §§ 51-12-31 and 51-12-33. The latter code section presently apportions damages in the following way:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

---

[1] The current version of that statute is O.C.G.A. § 51-12-32.

5

O.C.G.A. § 51-12-33(b).[2] The Georgia Supreme Court has explicated the statute, stating that "[d]amages are apportioned among tortfeasors according to their percentages of fault, regardless of whether the total amount of damages was first reduced under subsection (a) to account for the plaintiff's share of liability." *McReynolds*, 290 Ga. at 852.  Further, "[a]s to contribution, O.C.G.A. § 51-12-33(b) flatly states that apportioned damages 'shall not be subject to any right of contribution.'  And the statute reiterates this point by saying that damages 'shall not be a joint liability among the persons liable.'" *Id.*  The Georgia Court of Appeals has recently construed the Georgia Supreme Court's decision in *McReynolds* to hold that the revised "O.C.G.A. § 51-12-33 supplanted claims for common-law contribution and apportionment." *Dist. Owners Ass'n, Inc. v. AMEC Envtl. & Infrastructure, Inc.*, 322 Ga. App. 713, 718 (2013).

Thus, based on the text of O.C.G.A. § 51-12-33, *McReynolds*, and *District Owners*, it seems correct that Georgia law has abrogated joint and several liability and contribution.  Instead, the trier of fact assesses "the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit."

---

[2] O.C.G.A. § 51-12-33(a) is the comparative negligence provision, directing the trier of fact to assign to the plaintiff its own percentage of fault, if any, and then reducing the plaintiff's recovery accordingly.

6

O.C.G.A. § 51-12-33(c). The trier of fact takes nonparties into consideration when plaintiff has entered into a settlement agreement with them, or when "a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault." O.C.G.A. § 51-12-33(d). The trier of fact assesses "percentages of fault of nonparties . . . only in the determination of the percentage of fault of named parties." O.C.G.A. § 51-12-33(f)(1). These assessments of nonparties' percentages of fault "shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action." O.C.G.A. § 51-12-33(f)(2). Thus, plaintiffs, to maximize their recovery, have the incentive to settle with or sue all the potentially liable parties; and defendants, so long as they properly name potentially liable nonparties, will only be held liable for their portion of the damages. Contribution, however, is not permitted.

Based on the foregoing, Omega Flex's contribution claim against Beckom and Knight must be dismissed, as Omega Flex has failed to state a valid claim under Georgia law.

**B.   Omega Flex's Indemnity Claims**

Omega Flex also asserts indemnity claims against Beckom and Knight. Indemnity, unlike contribution, is neither derivative of joint and several liability, nor a creation of statute. The Georgia Court of Appeals has stated that even after the Tort Reform Act of

7

2005, "we have no reason to dispute that actual claims for common-law indemnity . . . are still viable." *Dist. Owners*, 322 Ga. App. at 718. Indemnity is "the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his request or for his benefit." *Douglas Asphalt Co. v. Ga. Dep't of Transp.*, 319 Ga. App. 47, 49 (2012). "Georgia law recognizes two broad categories of indemnity: as created by contract and as under the common law of vicarious liability." *Id.* The former category includes, for example, surety bonds, through which a surety who has satisfied a principal debtor's liability to a creditor can then seek indemnification from the principal debtor. *City of Coll. Park v. Fortenberry*, 271 Ga. App. 446, 451 (2005). As for the latter category, "[i]f a person is compelled to pay damages because of negligence *imputed to him* as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him." *City of Atlanta v. Benator*, 310 Ga. App. 597, 608-609 (2011). Thus, for example, an employer who has had to satisfy a judgment arising from a tort committed by an employee may then seek indemnification from the employee.

Omega Flex's claim for indemnity is premised on neither contract nor vicarious liability. Rather, Omega Flex relies on a third theory of indemnification, pleading that its own negligence, if any, was

8

merely "passive," whereas the negligence, if any, of Beckom or Knight was "active." (Am. Third-Party Compl. [80] at ¶¶ 17-19, 25-27.) The passive/active negligence theory of indemnification "is an exception to the general rule that a joint tortfeasor may not maintain an action for indemnity against another tortfeasor." *Carolina Cas. Ins. Co. v. R.L. Brown & Assocs., Inc.*, No. 1:04-CV-3537-GET, 2007 WL 174336, at *3 (N.D. Ga. Jan. 19, 2007)(Tidwell, J.)(citing *Jones v. Otis Elevator Co.*, 861 F.2d 655, 665 (11th Cir. 1988)). As the Georgia Supreme Court has explained, the active tortfeasor is one "whose negligence produced or brought about the defect or dangerous condition . . . which . . . was the proximate cause of the injury." *Cent. of Ga. Ry. Co. v. Macon Ry. & Light Co.*, 140 Ga. 309 (1913). In contrast, a passive tortfeasor is one who is liable "because he has failed to exercise due diligence to discover [that] defect or danger . . . and has been compelled to pay damages for injuries growing out of the tort." *Id.* Under the passive/active negligence theory of indemnity, "if the negligence of the tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity against [the] party whose conduct is alleged to be the proximate cause of the injury." *Colt Indus. Operating Corp. v. Coleman*, 246 Ga. 559, 560 (1980); *Crockett v. Uniroyal, Inc.*, 772 F.2d 1524, 1530-31 (11th Cir. 1985)("If it may be demonstrated that one party was actively negligent in the face of the other party's passive negligence, an

9

action for indemnity lies.")

The validity under current Georgia law of an indemnification claim based on the active/passive negligence distinction is in dispute in this case. Beckom and Knight point out that, following the 2005 amendments of O.C.G.A. § 51-12-33, the Georgia Court of Appeals seems to have limited indemnification to its contractual or vicarious liability theories:

> [B]y its very language the third-party complaint does not allege contractual indemnity or vicarious liability based on any agent-principal or employer-employee relationship. Rather, the complaint seeks payment from the third-party defendants as joint tortfeasors for any amount that [the third-party plaintiff] is ultimately found liable to the plaintiff.  Thus, because no allegations of imputed negligence or vicarious liablity have been made in this case, 'common law indemnity principles do not apply' . . . .

*Dist. Owners*, 322 Ga. App. at 716 (quoting *Benator*, 310 Ga. App. at 609).  This rejection of indemnification between joint tortfeasors would seem to rule out the passive/active negligence theory.

The question of whether Georgia law still recognizes the passive/active theory of indemnification is somewhat uncertain at the moment.  Fortunately, the Court need not wade into this matter.  For even if the passive/active theory is still good law in Georgia, Omega Flex's third-party complaint cannot be construed as making out a valid claim.

For Omega Flex to have a valid claim under the passive/active

10

negligence theory, it would have to have merely failed "to exercise due diligence to discover a defect or danger" proximately caused by another party. *Cent. of Ga. Ry. Co.*, 140 Ga. at 309. Based on the allegations in the pleadings, there seems to be no set of facts that could support a finding that Omega Flex's liability was merely passive, merely a failure to discover a defect caused by Beckom or Knight.

Should the trier of fact find that Omega Flex, Beckom, or Knight are liable for damages on account of negligence, it would do so in one of three ways. First, it could find that Omega Flex negligently designed or manufactured the CSST, and that negligence proximately caused the fire. In that case, Omega Flex would not be a passive tortfeasor, but an active one. It would therefore be liable to Allstate without any claim for indemnification against Beckom or Knight. Second, the trier of fact could find that the CSST, although designed and manufactured without defect, was negligently installed by Beckom and Knight, which proximately caused the fire. In that case, Omega Flex would not be found liable to Allstate at all. Third, it could find that the CSST was both negligently designed or manufactured by Omega Flex, and negligently installed by Beckom and Knight, and the combined negligence proximately caused the fire. In the third case, Omega Flex, Beckom, and Knight would be joint, active tortfeasors, and their liability would be determined under the

11

apportionment statute, O.C.G.A. § 51-12-33. In none of these scenarios would Omega Flex have a passive/active negligence claim for indemnity, because under none of the three would Omega Flex's negligence be merely a "failure to exercise due diligence in the matter of making inspection" of the acts of Beckom or Knight. *Cent. of Ga. Ry. Co.*, 140 Ga. at 309.

Omega Flex's claims for indemnification against Beckom and Knight thus fail to state an actionable claim as a matter of law and must be dismissed.

## CONCLUSION

Based on the foregoing analysis, Omega Flex as failed to state any actionable claim against Beckom or Knight. The Court therefore **GRANTS** The Knight Group, Inc.'s Motion for Judgment on the Pleadings [88] and **GRANTS** Beckom Electric, Inc.'s Motion for Judgment on the Pleadings [95].

SO ORDERED, this 31st day of March, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

12