```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION
```

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, as subrogee of William and Josephine Leon, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:13-cv-879-JEC |
| OMEGA FLEX, INC., | |
| Defendant and Third-Party Plaintiff | |
| v. | |
| THE KNIGHT GROUP, INC., BECKOM ELECTRIC, INC., CHARLES A. THORNTON d/b/a LANDMARK PLUMBING, and WRIGHT-BILT SYSTEMS, INC., | |
| Third-Party Defendants. | |

### ORDER & OPINION

This matter is before the Court on third-party defendant Wright-Bilt Systems, Inc.'s Motion for Judgment on the Pleadings [107]. The Court has reviewed the parties' pleadings and briefs, and for the reasons explained herein, **GRANTS** Wright-Bilt Systems, Inc.'s Motion for Judgment on the Pleadings.

### BACKGROUND & DISCUSSION

On September 26, 2010, a fire broke out at the home of William and Josephine Leon (the "Leons"), located at 228 Rustico Court in McDonough, Georgia (the "Leon Home"). (Third-Party Compl. [80] at ¶¶ 5-9.) The Leons' home insurer, Allstate Property & Casualty

Insurance Company ("Allstate"), claims to have paid the Leons $440,000 on their subsequent insurance policy claim. (First Am. Compl. [80-1] at ¶ 14.)

From the ashes emerged a lawsuit. On April 4, 2012, Allstate filed suit in the United States District Court for the Southern District of Indiana against Omega Flex, Inc. ("Omega Flex"), alleging that the corrugated stainless steel tubing ("CSST") manufactured by Omega Flex and used in constructing the Leon Home, failed when it was struck by lightning, which then caused the fire. (Third-Party Compl. [80] at ¶ 10.) The suit initially included several other claims against Omega Flex for fires at other houses insured by Allstate. On March 20, 2013, the Magistrate hearing the case ordered the claims severed, and the suit involving the fire at the Leon Home was transferred to this Court.

On July 16, 2012, Omega Flex filed a third-party complaint against other parties, including The Knight Group, Inc. ("Knight") and Beckom Electric, Inc. ("Beckom"), who installed the CSST in the Leon Home. Omega Flex alleged that any damage to the Leon Home was caused by faulty installation, rather than any design or manufacturing defect. After Allstate's suit against Omega Flex was transferred to this Court, Omega Flex re-filed its third-party complaint, seeking to recover on theories of indemnity (Counts One and Three) and contribution (Counts Two and Four). (*See* Third-Party

2

Compl. [80].)  On September 6, 2013, having discovered that Wright-Bilt Systmems, Inc. was also involved in the CSST installation at the Leon Home, Omega Flex filed an amended complaint to join Wright-Bilt Systems, Inc. ("Wright-Bilt") as a third-party defendant, alleging the same facts and asserting the same theories of recovery as it had against Beckom and Knight.  (Second Am. Third-Party Compl. [99] at ¶¶ 41-48.)  Beckom and Knight each answered the third-party complaint and subsequently filed motions for judgment on the pleadings.  Based on the same argument, Beckom and Knight contended that Omega Flex has failed to state a claim under Georgia law, because Omega Flex's claims have been abrogated by statute in Georgia.  (*See* Knight's Mot. [88] and Beckom's Mot. [95].)  Omega Flex filed responses.  (*See* Omega Flex's Br. in Opp'n [90] and Omega Flex's Br. in Opp'n [103].)  Beckom and Knight replied.  (*See* Knight's Reply [93] and Beckom's Reply [105].)  Subsequently, Wright-Bilt joined Knight and Beckom's motions for judgment on the pleadings [107].  Omega Flex responded to Wright-Bilt, incorporating its responses to the other third-party defendants [108].

On March 31, 2014, this Court granted Beckom and Knight's motions for judgment on the pleadings, holding that Omega Flex's claims for contribution and indemnity against the installers of the CSST failed to state valid claims under Georgia law.  (Order [117] at 7, 12.)  This Court held that Georgia's Tort Reform Act of 2005, as

3

interpreted by the Georgia Supreme Court and Georgia Court of Appeals, barred Omega Flex's claims for contribution. (*Id.* at 5-7.) Further, the theory of indemnification Omega Flex proffered--that it was merely passive in its negligence (if negligent at all), whereas Beckom and Knight were active in their negligence--was of questionable validity under Georgia law, but in any case could not apply to the facts alleged in this case. (*Id.* at 10-12.)

Omega Flex's claims against Wright-Bilt involve identical factual allegations to those in the claims against Beckom and Knight, and rely on the same legal theories. (Third-Party Compl. [99] at ¶¶ 41-48.) For the same reasons that this Court held that Omega Flex's claims against Beckom and Knight fail, Omega Flex's claims for contribution and indemnity against Wright-Bilt must also fail.

## CONCLUSION

Based on the foregoing analysis, Omega Flex as failed to state any actionable claim against Wright-Bilt. The Court therefore **GRANTS** Wright-Bilt Systems, Inc.'s Motion for Judgment on the Pleadings [107].

SO ORDERED, this 1st day of April, 2014.

<pre>
                              /s/ Julie E. Carnes
                              JULIE E. CARNES
                              CHIEF UNITED STATES DISTRICT JUDGE
</pre>

AO 72A (Rev.8/82)